## Ex Parte E. E. Buck.

### [61 South. 651.]

PRISONS. *Removal of prisoners. Circuit judge. Habeas corpus.*
> A circuit judge has no power to order the removal of a prisoner from the jail of the county in which he was convicted to the jail of another county solely because he believed that such removal would discourage "blind tigerism" and make it easier for the officers to enforce the law against unlawful retailing and a writ of *habeas corpus* is applicable to such a case.

APPEAL from the circuit court of Attala county.

HON. J. A. TEAT, Judge.

Application by E. E. Buck for a writ of *habeas corpus*. From an order denying the application, relator appeals.

The facts are fully stated in the opinion of the court.

*Adams & Dobbs,* for relator.

The precise point involved in this appeal has not been decided by this court so far as our investigation has gone. It has to do with the power of a court or a judge over a convict after final sentence and judgment and after the court has adjourned. In a nutshell, our contention is that the judge had no authority to make the order of removal in the light of the facts and circumstances shown by the record in this cause; and that therefore the order is null and void, and relator is being illegally held and detained by the sheriff of Grenada county.

The order of removal fails to show any necessity or cause either specified or contemplated by law for such removal. We presume that the honorable circuit judge was acting under a supposed right under section 1476, *et seq.,* of the Code of 1906; but no right is conferred by said section to remove a convict permanently, who is serving a sentence and judgment of the court. The said order

fails to show on its face any public necessity, such as fire or infection in the jail, or infections or contagious disease in the vicinity of the jail, or that the jail is insufficient, or any necessity whatever for any order of removal, either temporary or permanent, from the Choctaw County Jail. Neither is there any petition or request shown to have come from the sheriff of Choctaw county, or any other official, for any order of removal.

It is further true that said order was made by the said circuit judge without any notice to or knowledge on the part of relator; and was so far as the order itself shows and so far as relator is informed, arbitrarily and peremptorily by said judge. The only reason or excuse that crops out anywhere in the whole proceeding for removing relator from the Choctaw County Jail appears in the testimony of W. R. Chrisman, sheriff of Choctaw county, on his cross-examination by the district attorney, when he was interrogated over the objections of relator at considerable length by the district attorney as to the general reputation of relator, Buck, for unlawful retailing, etc., and was finally asked the question if it would not be better for the town and the public for a man of that character to be away; and it also appears that the witness was asked a number of questions in this connection by the court.

Section 1476 of the Code of 1906 authorizes the temporary removal of a defendant, who is confined in jail and not entitled to bail or where he fails to give bail, to the most convenient and safe jail of some convenient county, when in the opinion of the court having jurisdiction of the case or the presiding judge, the jail where the offense is committed is insufficient for the safe-keeping of the prisoner, or when expedient on the grounds of public policy, there to be held until the court shall sit for the trial of the offender. Under section 4689 of the Code of 1906 the sheriff is authorized to summon a sufficient guard to secure the safety of the prisoner or to protect

jail, if the jail be insufficient or there be any danger of
the escape, lynching or rescue of any prisoner therein;
and such guard may be maintained so long as the same
may be necessary and no longer. In the latter part of
the section, it is provided that guard shall only be em-
ployed in an emergency. Section 1477 of the Code of
1906 provides that a person committed or in custody on a
criminal charge, shall not be removed from the place of
his confinement into the custody of any other officer, un-
less by *habeas corpus* or some other legal writ, except
for trial or in case of fire or infection, or other necessity,
etc.; and if any person, after such commitment shall
make out or issue any warrant or process for such re-
moval, except as authorized, it shall be void.

We submit that said sections 1476 and 4689 were in-
tended solely for the preservation and protection of the
prisoner on the one hand and for his safe-keeping on
the other, and that his removal in either event was tem-
porary in its nature, and that section 1477 expressly
prohibits the removal of a person who has been commit-
ted, unless the cause of his removal comes within the ex-
pressed provision of the law; and that, therefore, any
order of removal is void, unless it affirmatively appears
on the face of the order or proceedings for removal
that there was some such necessity as is expressly pro-
vided by law or such necessity as was necessarily contem-
plated. No such necessity, and in fact no necessity what-
ever, is shown to have existed in this case.

*Geo. H. Ethridge*, asst. atty.-gen'l., for the state.

The law bearing on this case as I see it is: Acts of
1908, pages 104-109, and also page 185; sections 4689,
1476, 77, 78 and 1479, Code of 1906; *Ray* v. *Kelly*, 53
South, 492 and section 2445, Code 1906.

By section 4 of the Acts of 1908 it is provided that a
prisoner may be disposed of in the following manner:
may be worked on county farm or farms, may be kept

in jail, or may be worked on public roads or other works of an exclusive character, but never under a contractor, and only under the exclusive control and management of the officials.

By section 226 of the state Constitution, under article 10, dealing with penitentiary and prisoners, a county convict sentenced to the county jail shall not be hired or leased to any person outside of the county of their conviction after the first day of January, 1893, or for a term beyond that date. It does not appear from the record whether the board of supervisors of Choctaw county have made any election of the manner that they will deal with their county convicts.

Section 1477 of the Code of 1906 provides that a person committed or in the custody of the county on a criminal charge shall not be removed from his place of confinement into the custody of any other officer unless it be by *habeas corpus* or other legal writ, except for trial, or in case of fire, infection, or other necessity, or in accordance with express provisions of law, and of any person after such commitment shall make out or issue any warrant or process of removal except as authorized, it shall be void.

I find no express provisions in the sections of the Code authorizing a removal unless for these causes named in sections above cited, and sections 1478 and 1479 and my first idea was to confess that the circuit court erred in making the order committing the prisoner to the sheriff of Grenada county, and conceding that the prisoner should be remanded to the sheriff of Choctaw county.

There are some considerations, however, that I have been, after reflection, moved to offer for the consideration of the court. One of these is that the prisoner is not entitled to maintain this *habeas corpus* proceeding. It is no question but what he is in legal custody and must remain in jail or be hired out, and in the case of *Ray* v.

*Kelly, supra,* in course of the opinion, the court, speaking through Anderson, J., said: "The statute does not confer upon a prisoner the right to occupy one jail in preference to another." He is no more restrained of his liberty by the sheriff of Grenada county than by the sheriff of Choctaw county. He has no rights in the matter so far as freedom from restraint is concerned, and he is not unlawfully restrained of his liberty, and *habeas corpus* for himself does not lie.

Section 2445 of the Code on *habeas corpus* makes a right to *habeas corpus* extend to all cases of illegal con-confinement or detention, by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in expressly excepted cases. Under this section, the prisoner does not bring himself within the terms of the law entitling him to the remedy. I think perhaps the sheriff of Choctaw county would be entitled to maintain *habeas corpus* to get possession of the prisoner as against the sheriff of Grenada county, and that the order made by the trial judge would probably not be sufficient to justify his detention from the sheriff of Choctaw county.

Argued orally by *L. M. Adams,* for appellant and *Geo. H. Ethridge* assistant attorney-general, for state.

Reed, J., delivered the opinion of the court.

E. E. Buck was committed to the jail of Choctaw county to satisfy sentences upon three convictions of the offense of the sale of intoxicating liquors. The total time of his imprisonment amounted to about ten months, and the fines against him aggregated nine hundred dollars. On February 26, 1913, after the term of the circuit court at which he was sentenced had adjourned, and during vacation, the circuit judge issued to the sheriff of Choctaw county the following order: "For good and sufficient reasons appearing to the court, you are hereby

ordered to transfer E. E. Buck, who is a prisoner now in the Choctaw county jail, to Grenada jail, Grenada, Miss., and delivr him, the said E. E. Buck, to the sheriff, R. West, of Grenada county, Miss., who is hereby authorized and ordered to retain him, the said E. E. Buck, in custody of the jail of Grenada county until he, the said E. E. Buck, has satisfied judgments of the court now in force against him in Choctaw county, a certified copy of which judgments the clerks of the circuit court of Choctaw county will transmit to the sheriff of Grenada county forthwith, together with a certified copy of this order, and certified copies of the writs, *capias pro finems,* therein.'' Thereupon the prisoner was transferred to the Grenada county jail, at Grenada, Miss., where he has since remained. This appeal is from the action of the circuit judge in denying his *habeas corpus* petition, praying for the annulment of the order and for his return to the Choctaw county jail.

Upon the hearing of the petition it was shown that the jail in Choctaw county, which had been erected within two years past, was safe and in good condition; that Buck gave the sheriff no trouble, and was the only prisoner in the jail at the time of the issuance of the order. The county of Grenada does not adjoin that of Choctaw. The distance between the two jails, by the usual railroad route, is about one hundred and ten miles. It appears from the testimony appellant has been convicted a number of times for unlawful retailing; that ''he has been engaged in that business for twenty-five years,'' and that ''his business'' was organized so that it would run for a time even while he was absent; that while he was in Choctaw county jail he was called on by the patrons of ''his business;'' and that it would be better for Choctaw county for him to be somewhere else. When the sheriff of the county was questioned concerning the effect of his being in the county, even though in jail, he answered: ''I think the community would be better satisfied with

him away; his presence there will help to encourage the blind tiger business."

We may conclude from the testimony that the purpose of the judge in ordering Buck removed from Choctaw county was to discourage "blind tigerism" and make it easier for the officers to enforce the law against unlawful retailing. He doubtless believed that Buck's absence would be generally helpful to law enforcement. We apreciate his motives, and commend his desire to promote obedience to the law and to suppress the sale of liquor, which is so demoralizing in all of its effects. However, we are unable to find any law to authorize him to make such order of removal. In all of the judgments rendered upon his convictions appellant was sentenced to imprisonment in the county jail. He was convicted in the circuit court of Choctaw county, and the county jail referred to in the judgments is the jail of that county.

By chapter 109 of the Acts of 1908, which was passed in place of chapter 22 of the Code of 1906, repealed, a convict sentenced to imprisonment in the county jail shall be committed to jail, there to remain in confinement until the full sentence of the court is satisfied. Section 4 of that chapter authorizes the board of supervisors to make disposition of the county prisoners by working them on the county farm, keeping them in jail, or by working them on public roads or other works of public character. Chapter 168 of the Acts of 1908 imposes upon the board of supervisors certain duties relative to county prisoners. The sheriff is the jailer of the county, and it is made his duty to safely keep prisoners committed to jail, and properly provide for them. The testimony in this case shows that the sheriff of Choctaw county was not in default as to this.

Sections 1467, 1477, and 1478 of the Code of 1906 were referred to in argument. We do not see that these sections confer authority upon the judge to transfer the prisoner. Section 1476 relates to the safe-keeping of the

prisoner before trial and conviction. Section 1477 provides that a prisoner shall not be removed from his place of confinement into the custody of any other officer, unless by *habeas corpus* or other legal writ, except for trial, or in case of fire, or infection, or through necessity, or in accordance with the express provision of law. There is nothing in this statute giving any power to the circuit judge to make the order of removal as in the case before us. The testimony does not show any case of necessity such as fire or infection. Section 1478 provides that if an infectious or contagious disease appears in the vicinity of the jail, or if such appearances should be apprehended, the board of supervisors, or, if the board should not meet in time, the sheriff, with the cocnurrence of two members of the board, or circuit judge, or chancellor, could remove the prisoner to a suitable place of security until the threatened danger should be over. The testimony does not disclose any such condition in that county, unless blind tigerism be considered a contagious or infectious disease. It will be noted that the power to remove the prisoner is given in this section to the board of supervisors, or to the sheriff, and that the only duty of a circuit judge is to in certain cases concur in the removal.

It is argued that the judge acted in a discretionary manner in this case, and that his action should not be reviewed, unless a manifest abuse thereof appears. We know he acted in all good conscience and with the best interest of the citizens at heart, but we cannot find that any authority or discretion was given him in the statutes to make such transfer of a prisoner.

Appellant only seeks to be returned to the Choctaw county jail. He claims to be illegally confined in the jail of Grenada county. He is not asking to be discharged generally from prison. The writ of *habeas corpus* is applicable to this case.

Reversed, and judgment here, directing the return of appellant to the jail of Choctaw county.

**Reversed.**